# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1487V

|  |  |
|---|---|
| COURTNEY BROOKS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: July 24, 2025 |

*Jason Barton Eshelman*, Eshelman Legal Group, Cuyahoga Falls, OH, for Petitioner.

*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On October 11, 2022, Courtney Brooks filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered an injury of "left shoulder pain and left arm pain with intermittent weakness" as a result of her September 21, 2020 vaccination. Petition, ECF No. 1. On July 12, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 27.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $11,199.91 (representing $10,542.50 in fees plus $657.41 in costs). Application for Attorneys' Fees and Costs ("Motion") filed February 18, 2025. ECF No. 31. Furthermore, Petitioner filed a signed statement representing that she incurred no personal out-of-pocket expenses. ECF No. 31-3.

Respondent reacted to the motion on March 3, 2025, stating that he does not object to the overall amount sought and does not oppose Petitioner's request in this case. ECF No. 32. Petitioner filed no reply thereafter.

## TIMELINESS OF MOTION

Vaccine Rule 13 provides that a request for fees and costs must be filed within 180 days after judgment is entered. RCFC, Vaccine Rule 13(a). In this case, judgment was entered on August 15, 2024, so Petitioner's motion was due on February 11, 2025. But Petitioner filed her motion for attorney's fees and costs, seven days past the required deadline, on February 18, 2025. Petitioner did not provide justification for the untimely filing, and did not file a motion for extension of time.

I will award attorney's fees and costs in this matter despite the motion's untimeliness. And I note that a fees award is appropriate since the case was resolved in the Petitioner's favor and the time devoted to the matter was reasonable. But counsel should not expect the same leniency for future fees requests. Untimely requests will be denied or result in a curtailed award.

## ATTORNEY FEES

I have reviewed the billing records submitted with Petitioner's request. Petitioner requests that I apply the hourly rate of $300.00 for work performed by attorney Jason B. Eshelman and the hourly rate of $125.00 for paralegal work performed in this case for all time billed in the 2021-24 timeframe. I find these rates to be reasonable and consistent with prior determinations and shall be awarded.

## LITIGATION COSTS

Petitioner requests reimbursement of $657.41 in litigation costs. Such costs are associated with medical records invoices and the Court's filing fee. I have reviewed the requested costs, but find that Petitioner's counsel has not substantiated them with the required supporting documentation, such as an invoice or proof of payment. *See ECF No.*

2

*31-2*.³  It is well established in the Program that failure to include complete documentation in support of a request may result in the denial, or reduction in amount, of an attorney's fees and costs award per Vaccine Rule 13(a)(1). *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 74-78 (emphasis added).⁴ When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

I will allow reimbursement for the Court's filing fee of $402.00, since the fact of that expense is clearly substantiated by the case's docket report, but I disallow reimbursement for all other unsubstantiated costs. **Application of the foregoing reduces the total amount of litigation costs to be awarded by $255.41.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $10,944.50 (representing $10,542.50 in fees plus $402.00 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.⁵

**IT IS SO ORDERED.**

> s/Brian H. Corcoran
> Brian H. Corcoran
> Chief Special Master

---

⁴ The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

⁵ Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.